NEW-YORK,
May, 1838.

BUMP *vs.* BETTS.

Bump
v.
Betts.

In an action for malicious prosecution, where the former suit was a proceeding by attachment against the plaintiff as having departed the county with in tent to defraud his creditors, it is not necessary that the plaintiff should prove the determination of the former suit in his favor, to establish a want of probable cause; such proof is required only where he had an opportunity to make a defence in the former action.

THIS was an action on the case for a *malicious prosecution,* tried at the Chenango circuit in September, 1834, before the Hon. ROBERT MONELL, one of the circuit judges.

The defendant, in the absence of the plaintiff, obtained an *attachment* against his property on the allegation that the plaintiff had *departed the county* in which he had resided, *with the intent to defraud his creditors,* obtained a judgment against him in the proceeding thus commenced, sued out an execution and sold the property of the plaintiff. The plaintiff gave evidence going to show that the *demand* on which the judgment was obtained had been *paid* by him previous to the institution of the proceedings. On a motion for a non suit, the judge ruled that the judgment obtained by the defendant remaining unreversed, rebutted the presumption of want of probable cause arising from the fact of payment; that there was no malice shown, and that the plaintiff must be nonsuited. A non suit was accordingly entered, and a motion was now made to set it aside.

*J. A. Spencer,* for the plaintiff.

*R. B. Bates,* for the defendant.

*By the Court,* NELSON, Ch. J. This action lies against any person who maliciously and without probable cause prosecutes another, whereby the party prosecuted sustains an injury either in person, *property,* or reputation. 1 Selw. 806. Saund. Pl. & Ev. 651. 2 Chitty's Pl. 248, n. r. 12 Mod. 208. 1 Salk. 12. 1 T. R. 493, 551.

As a general rule, the plaintiff must aver in his declara-

NEW-YORK,
May, 1838.

Bump
v
Betts.

tion, and prove on the trial the determination of the former suit in his favor, Saund. Pl. & Ev. 858, 2 Chitty's Pl. 245, n. e., though the omission of the averment would be cured after verdict. 1 Saund. 228, b. n. 1. See also 3 Camp. 61, n. 1. The reason for this proof is obvious, for otherwise he might recover in this action, and still be convicted, or have judgment against him in the former suit. Doug. 215. But it does not apply where the malicious prosecution complained of arises out of proceedings on *attachment* in the absence of the party defendant, in which no opportunity is afforded him to defend the suit. A judgment against him under such circumstances, cannot be deemed conclusive evidence of probable cause, or want of malice, as in cases of personal service of process. The rule was first laid down in reference to these cases, and when thus confined, is a sound one, but altogether inapplicable in respect to *alleged malicious suits under this new statute remedy given to a plaintiff.* The reason of the rule ceasing, the rule itself should give way, and must, or this mode of redress for a wrong more likely to be committed in *ex parte* proceedings than in litigated cases, must be denied. It is obvious the damage to the party in the former instance, will usually be much more serious than in the latter : in the one case there will be a recovery against him for such amount as his adversary, on an *ex parte hearing* thinks proper to demand; whilst in the other he is subjected only to the costs of a defence.

New trial granted; costs to abide the event.