## MARTHA D. SMITH, Respondent, v. GAMALIEL G. SMITH, Appellant, Impleaded with Others.*

*Malicious filing of lis pendens without probable cause — when actionable.*

The complaint herein alleged that the defendants wrongfully, maliciously and without reasonable or probable cause, filed a notice of *lis pendens* and complaint, affecting a lot of land, the property of the present plaintiff, charging that plaintiff was not the owner thereof, and that her title thereto was fraudulent as against the said defendants, who claimed to be creditors of her husband ; that the statements in the notice were made maliciously and with intent to injure the said lot and the building thereon, as well as the plaintiff, and to prevent her from selling the same ; that the notice was subsequently canceled of record on the application of the said defendants ; that in consequence of the filing of the notice the plaintiff lost an opportunity to sell the said lot and building.

*Held,* that a demurrer interposed to the complaint, on the ground that it did not state a cause of action, was properly overruled.

Appeal from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

The complaint alleged that the plaintiff was the owner of a lot and building situated in the city of New York. "That the said defendants, on the 10th day of July, 1873, through one G. S. P. Stillman, an attorney-at-law, and the attorney of the said defendants thereunto duly authorized by them, as this plaintiff is informed and believes, filed, or caused to be filed, in the office of the clerk of the city and county of New York, a notice of pendency of action

---

*Decided December Term, 1879.

upon, and referring to the complaint in a certain action then pending in the Court of Common Pleas, for the city and county of New York, wherein the said defendants were parties plaintiff, and this plaintiff and others were made parties defendant, wherein and whereby it was, among other things, alleged in said notice that said action had been commenced, and was pending to recover the interest of this defendant's husband, Alpheus F. Smith, in the premises hereinbefore described, and which was the property of this plaintiff, and the complaint in which action, which was filed in the office of the clerk of said court, and was the same complaint referred to in said notice, alleged and declared the said premises to be the property of her said husband, Alpheus F. Smith, and that her title to the same was fraudulent as against the said defendants, who claimed to be creditors of her said husband.

"That the said defendants, through their said attorney, well-knowing the premises, and maliciously and without reasonable or probable cause, continuing to cause it to be suspected that this plaintiff did not own said lot of land, and the building thereon, and that she was a fraudulent owner and holder thereof, and to prevent this plaintiff from effecting a sale thereof, if she so desired, wrongfully caused said notice to be so filed as aforesaid, giving notice of the matters therein, and in the said complaint set forth to all the world.

"That the statements and allegations contained in said notice, so filed as aforesaid, and in the complaint to which the same referred, charging this plaintiff with not being the owner of said lot of land, and the building thereon, and that her ownership of the same was fraudulent and void as against the creditors of her husband, was and are wholly false, and were made maliciously and with the intent to injure the said lot of land and building, as well as this plaintiff, and to prevent her from selling the same.

"That thereafter, and on the 27th day of June, 1874, the said notice of pendency of action was, by order of the said Court of Common Pleas, canceled of record on the application of the said defendants, through their said attorney, as she is informed and believes, whereby the same was wholly ended.

"That in or about the month of August, 1873, and after the filing, as aforesaid, of the said notice, and before the same was

canceled, this plaintiff had a *bona fide* offer, and could have sold the said lot of land, and the building thereon, together with the furniture therein contained, for the sum of $130,000, to one A. B. Rand, but that in consequence of said notice, and the filing thereof, and the matters so set forth in said complaint so referred to, the said A. B. Rand refused to purchase the said lot and building, and this plaintiff was prevented from effecting a sale thereof.

"That by reason of the premises, and of the wrongful and malicious act of the said defendants in so filing said notice, this plaintiff lost the sale of the said lot and building erected thereon, and in consequence thereof suffered damage in the sum of $50,000.

"Wherefore said plaintiff prays judgment against said defendants for the said sum of $50,000, besides the costs and disbursements of this action.

*James Thompson*, for the appellant. This action cannot be sustained on the ground of slander of title, because the communication is absolutely privileged. (Addison on Torts, § 1092 [Wood's ed.] ; *Marsh* v. *Ellsworth*, 50 N. Y., 309, 311.) An action for damages for the malicious prosecution of a civil action is not maintainable. (Addison on Torts, § 863 ; *Saville* v. *Roberts*, 1 Ld. Raym., 380 ; *Purton* v. *Honnor*, 1 Bos. & Pul., 205 ; *Cotterell* v. *Jones*, 11 C. B., 726 ; *Potts* v. *Imlay*, 1 South [N. J.], 330.

*B. F. Carpenter*, for the respondent. This is an action on the case. It cannot be strictly called an action for malicious prosecution, or for slander of title, but rather an action on the case, for abuse of process, and having some of the elements of both of the former kinds of action. *Bebinger* v. *Sweet*, 1 Abb. [N. C.], 263; *Closson* v. *Staples*, 42 Vermont, 217; *Whipple* v. *Fuller*, 11 Conn., 581; *Bump* v. *Betts*, 19 Wend., 421; *Wood* v. *Furnell*, 17 Am. L. Reg. [N. S.], 689; *Churchill* v. *Sieger*, 3 Ellis & Black. Rep., pp. 929, 937; R. S. [6th ed.], 969, § 3.) This action is analogous to an action for wrongfully suing out an attachment against property in a civil action. The party may proceed with his action, without attachment, or *lis pendens ;* these are not necessary to the success of the action ; but if he wrongfully issues either, or abuses the

process of the court, whereby a defendant has sustained damages, he is liable. (*Bump* v. *Betts*, 19 Wend., 421; *Bebinger* v. *Sweet*, 1 Abb. [N. C.], 263; *Churchill* v. *Sieger*, 3 Ellis & Blackburn's Repts., 929, 937.) An action on the case lies whenever injury is effected by regular process of a court of competent jurisdiction. (Chitty's Pleadings, vol. 1, p. 133, and cases cited in note; *Swan* v. *Sadlemier*, 8 Wend., 676; *Brown* v. *Feeter*, 7 id., 301; *Churchill* v. *Sieger*, 3 Ellis & Blackburn's Repts., 929, 937.)

Brady, J. :

This action was instituted to recover damages sustained by the plaintiff, by reason of the defendants having wrongfully, maliciously, and without reasonable or probable cause, filed a notice of *lis pendens* affecting the property of the plaintiff, described in the complaint, charging that the plaintiff was not the owner of the property, and that her title thereto was fraudulent against the defendants, who claimed to be creditors of her husband. And it is alleged, in the complaint, that the defendants, through their attorney, well-knowing the premises, maliciously and without reasonable or probable cause, continuing to cause it to be suspected that the plaintiff did not own the said lot of land, and building thereon, and that she was a fraudulent owner thereof, and to prevent her from effecting a sale thereof, if she should so desire, wrongfully caused the notice mentioned to be filed, giving notice of the matters therein, and in the complaint set forth to all the world. And further, that the statements and allegations in the notice were false, and were made maliciously and with intent to injure the said lot of land and building, as well as her, and to prevent her from selling the same; and further, that the notice was canceled of record, on the application of the defendants, through their attorney; and further, that before the same was canceled she had a *bona fide* offer and could have sold the lot of land, and the building thereon, together with the furniture therein contained, for a large sum of money, but that in consequence of said notice, and the filing thereof, and the matters set forth in the complaint referred to, the purchaser, ready to take, refused to purchase the property, and that she was prevented from selling the same.

By the demurrer all these allegations were admitted to be true,

and the conclusion to be drawn from the pleadings is, that the notice of *lis pendens* was maliciously, and without probable cause, filed, and for the purpose of preventing a sale of the property described.

Assuming these facts to be true, the process of the court was invoked and used for an unlawful purpose, which was to prevent the sale of the property, by a malicious scheme originating in an unlawful design unsustained by any existing fact. It is not deemed necessary, for the purpose of this appeal, to consider a class of cases growing out of attachments and processes of arrest to recover damages in consequence of the issuance of either, or both. Although it may be said, that they bear some analogy to the case in hand, yet there is a wide distinction between them, because of the effect of a notice of *lis pendens* and the probable embarrassment created by it. Under the statute (3 R. S. [6th ed.], 486), the filing of the notice is constructive notice to a purchaser, or incumbrancer, of the claim, and he takes at his peril.

The effect of the *lis pendens* is therefore notice to the world of an existing claim which was in this instance that the plaintiff was not the owner of the property, and it was resorted to not from any supposed right in the defendants to assail the plaintiff's ownership, but on mere malice and for an evil purpose. It would be extraordinary indeed if the plaintiff, under such circumstances, had no remedy, and that a proceeding created for a wise purpose and for good ends could be used by a suitor with malice aforethought, without incurring any personal responsibility.

For these reasons, in addition to those assigned by the learned justice in the court below,* it is thought the judgment appealed from should be affirmed.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and INGALLS, JJ.

Judgment affirmed.

---

* The following opinion was delivered by LAWRENCE, J., at Special Term :

The demurrer to the complaint should, in my opinion, be overruled. As I view it, this is an action brought for the recovery of damages resulting from the wrongful and malicious act of the defendants, in wrongfully using the process of

the court, and thereby preventing the plaintiff from selling her property. In *Closson* v. *Staples* (42 Vermont, 217), Wilson, J., delivering the opinion of the court, says : "The early English cases show very clearly that before the statutes entitling defendants to costs existed, they had a remedy at common law for injuries sustained by reason of suits which were malicious and without probable cause. It would seem, however, from more recent decisions, that the present English rule, which restricts or limits the right of action for "maliciously prosecuting civil suits without probable cause, stands mainly upon the ground that the costs, which the statute provides that the successful defendant shall recover, are an adequate compensation for the damages he sustains ; but, under their rule, it does not appear that the right of action is restricted to those cases where the process is by attachment."

After stating the mode of commencing suits under the statutes of Vermont, the learned judge proceeds to say : "The principle of the common law, recognized by the English courts before the statutes, allowing costs to defendants, and which gave a remedy for injuries sustained, by reason of suits which were malicious and without probable cause, is and ought to be operative still, and we think it affords a remedy in all such cases where the taxation of costs is not an adequate compensation for the damage sustained." (Page 219.)

And again : "But where the damages sustained by the defendant, in defending a suit maliciously prosecuted, without reasonable or probable cause, exceed the costs obtained by him, *he has, and of right should have, a remedy by action on the case.*" (Page 221.)

The opinion of the Supreme Court of Vermont, from which I have so freely quoted, ably discusses the points principally relied upon in the elaborate brief of the learned counsel for the defendants in this action, and the conclusion reached by the court seems to me to be in accordance with justice and legal principles. See also *Whipple* v. *Fuller* (11 Conn., 582) ; *Bebinger* v. *Sweet* (1 Abb. New Cases, 263).

This case, as is contended by the plaintiff's counsel, is analogous to the case of wrongfully sueing out an attachment against property in a civil action, and in such a case an action lies. (*Bump* v. *Betts*, 19 Wend., 421.)

The defendants, by demurring to the complaint, have admitted that the alleged wrongful acts of the defendants were done maliciously and without probable cause, as well as the allegation that the *lis pendens,* and the proceedings in regard thereto, were ended.

I do not regard the other objections to the complaint as well taken. The demurrer is therefore overruled, with leave to the defendants to answer over within twenty days, on payment of costs.