### JOHN P. SWENSGAARD *vs.* JOHN P. DAVIS.

### May 18, 1885.

**Malicious Prosecution.**—The general rule that an action for a malicious criminal prosecution cannot be maintained unless the prosecution has terminated in an acquittal of the accused, is not applicable where the prosecution has terminated under such circumstances that the accused had no opportunity to controvert the facts alleged against him, and to secure a determination thereon in his favor.

Appeal by defendant from an order of the district court for Lyon county, *Webber,* J., presiding, granting a new trial. The case is stated in the opinion.

*Forbes & Seward,* for appellant, cited Cooley on Torts, 186; 2 Addison on Torts, 742; 2 Greenl. Ev. § 452; *Graves* v. *Dawson,* 39 Am. Rep. 429; *Thompson* v. *Lumley,* 50 How. Pr. 105; *Laird* v. *Taylor,*

66 Barb. 139; *Pratt* v. *Page*, 18 Wis. 337; *Morrow* v. *Wood*, 35 Wis. 59; *Winn* v. *Peckham*, 42 Wis. 493.

*C. W. Main* and *John Lind*, for respondent.

DICKINSON, J.[1] This is an action to recover damages for a malicious criminal prosecution of the plaintiff before a justice of the peace upon complaint of this defendant. The criminal proceeding was never brought to trial, the justice of the peace having failed to attend at the time set for trial. Subsequently, the complainant failing to appear and prosecute after notice to do so, the justice formally discharged the accused. Upon the trial of this action, the above facts appearing, the court nonsuited the plaintiff, upon motion of the defendant, for the reason that the plaintiff had not been acquitted of the offence charged against him. Afterwards the court, deeming this ruling erroneous, granted a new trial, and the defendant appealed.

The general rule, making the right to maintain an action of this nature to depend upon the fact that the prosecution complained of has resulted in a determination in favor of the accused, is applicable only when the course of the prosecution has been such that the accused had the opportunity to controvert the facts alleged against him, and to secure a determination in his favor. *Pixley* v. *Reed*, 26 Minn. 80; *Cardival* v. *Smith*, 109 Mass. 158; *Buckland* v. *Green*, 133 Mass. 421; *Clark* v. *Cleveland*, 6 Hill, 344; *Fay* v. *O'Neill*, 36 N. Y. 11; *Apgar* v. *Woolston*, 43 N. J. Law, 57; *Stanton* v. *Hart*, 27 Mich. 539. In the case under consideration the prosecution was terminated without this plaintiff having had such an opportunity, and the nonsuit was erroneous.

Order affirmed.

[1] Berry, J., was absent and took no part in this case.