SCHAEFER v. CREMER.

The complaint in an action for malicious prosecution alleging that defendant maliciously charged plaintiff in a sworn complaint before a justice of the peace with the crime of macilious mischief, on account of which he was arrested, and, to obtain his release, gave

a bond, and that at the time set for the hearing before said justice of said charge said charge was dismissed by the state's attorney acting for the state, and with the consent of defendant, does not affirmatively show that the malicious prosecution had terminated in plaintiff's favor before commencement of the action, which is necessary for its maintenance.

HANEY, J., dissents

(Opinion filed Aug. 2, 1905)

Appeal from circuit court, Turner county; Hon. E. G. SMITH, Judge.

Action by Louis Schaefer against Peter Cremer. Demurrer to complaint was overruled, and plaintiff appeals. Reversed.

*Jones & Jones,* for appellant.

*L. L. Fleeger,* for respondent.

FULLER, J. The sufficiency of the facts stated to constitute a cause of action for malicious prosecution is the only question presented by this appeal from an order overruling a demurrer to the complaint in which it is alleged, in substance, that on the 15th day of October, 1903, the defendant maliciously and without probable cause charged plaintiff in a sworn complaint before a justice of the peace with the crime of malicious mischief, on account of which he was arrested, and to obtain his release gave a bond in the penal sum of $300.

It appears from the uncontroverted statement in the brief of respondent that the only contention by counsel for appellant in the court below was that an action for malicious prosecution will not lie until the case upon which it is founded has been tried and finally determined on its merits by a jury in a court of competent jurisdiction, and in justice to the learned judge who presided at the trial it should be observed that his attention was apparently not directed

to the failure of plaintiff to state facts showing that the alleged malicious prosecution had terminated in the discharge of the accused.. The only allegation pertaining to the matter is as follows: "That on the 26th day of October, 1903, the time set for the hearing before said justice of the said charge, the said charge was dismissed by the state's attorney in and for said Turner county, acting for the state, and with the consent of the defendant; that since said time the defendant has not further prosecuted said complaint, but has abandoned the same." There being nothing in the complaint to show that the alleged malicious mischief constituted a misdemeanor triable in justice court, because punishable under the statute by imprisonment in the county jail not to exceed 30 days, or a fine not to exceed $100, or both such fine and imprisonment, we shall take the view most favorable to the contention of appellant's counsel, and assume that the justice of the peace was called upon as a committing magistrate to conduct a preliminary examination under a charge of felony. There seems to be ample concurrence of reason and authority to the effect that an action to recover damages for malicious prosecution is maintainable whenever a proceeding instigated maliciously and without probable cause before a committing magistrate has terminated in the discharge of the accused and the exoneration of his bail, if any is required. Moyle v. Drake, 141 Mass. 238, 6 N. E. 520; Hurgren v. Union Mut. Life Ins. Co. 75 Pac. 168; Waldron v. Sperry, 53 W. Va. 116, 44 S. E. 283; Page v. Citizens' Banking Co., 111 Ga. 73, 36 S. E. 418, 51 L. R. A. 463; Zebley v. Storey 12 Atl. 569; Coffey v. Myers, 84 Ind. 105; Casebeer v. Drahoble, 13 Neb. 465, 14 N. W. 397; Swensgaard v. Davis, 33 Minn. 368, 23 N. W. 543; Cooley on Torts, 215. While at common law a public prosecutor might enter a nol. pros. upon an indictment without the

consent of the court, that act did not operate as an acquittal, and in this state the practice is abolished by statute, and such officers are powerless to effect a dismissal of a criminal charge pending before a committing magistrate which thereby discharges the accused. As our statute makes it the duty of the magistrate before whom the accused is brought for preliminary examination to grant him an adjournment for a reasonable time to procure counsel, and for that purpose he may be released from custody upon sufficient bail, it is quite evident that the bond for $300 mentioned in the complaint was given to secure plaintiff's future appearance, and, so far as it is alleged to the contrary, that undertaking is in full force at the present time. Where the evidence is insufficient, the duty of the justice of the peace at the conclusion of a preliminary examination is defined by section 144, Rev. Code Cr. Proc. as follows: "After hearing the proofs and the statement of the defendant, if he have made one, if it appear either that a public offense has not been committed, or that there is no sufficient cause to believe the defendant guilty thereof, the magistrate must order the defendant to be discharged, by an endorsement on the information to the following effect: There being no sufficient evidence to believe the within named A. B. guilty of the offense within mentioned, I order him to be discharged." Moreover, "when a magistrate has discharged a depositions, if any have been taken, of all the witness examined and 146, he must return immediately to the next circuit court of the county or subdivision the warrant, if any, the information, the depositions, if any have been taken, of all the witnesses examned before him, the statement of the defendant, if he have made one, and all undertakings of bail or for the appearance of witnesses, taken by him. together with a certified record of the proceedings as they appear on his docket." Section 158, Rev. Code Cr. Proc. Even

if the complaint before us would justify the employment of extraneous words sufficient to state that the charge of felony was dismissed by the justice of the peace on motion of the state's attorney, that would not be equivalent to the absolutely essential disclosure that the plaintiff was acquitted of the charge, or the malicious prosecution was in some legal manner brought to a final determination in his favor. A justice of the peace, in the capacity of a committing magistrate, has no authority to dismiss a criminal complaint, but must conduct a preliminary examination whenever a person under arrest is brought before him charged with a felony; and, unless the accused is held to answer such charge in the manner provided by statute, he must in like manner be discharged by the formal order or indorsement of the magistrate over his official signature written on the complaint or information.

From the complaint under consideration it is not ascertainable that plaintiff was discharged by the magistrate, or that he secured his liberty at the preliminary examination otherwise than by giving bail for his appearance in the penal sum of $300, and it therefore does not affirmatively appear that the malicious prosecution had terminated in his favor before the commencement of this action. Consequently facts sufficient to constitute a cause of action are not stated in the complaint, and the order overruling the demurrer is reversed.

HANEY, J. (dissenting). These facts are confessed by the demurrer: (1) That on October 15, 1903, the defendant made a sworn complaint before a justice of the peace charging plaintiff with having committed the crime of malicious mischief and procured from the justice a warrant for his arrest; (2) that in so doing the defendant acted maliciously, and without probable cause; (3) that

the plaintiff was arrested, and gave bail in the sum of $300 to obtain his release; (4) "that on the 26th day of October, 1903, the time set for the hearing before said justice of the said charge, the said charge was dismissed by the state's attorney in and for said Turner county, acting for the state, and with the consent of the defendant; that since said time the defendant has not further prosecuted said complaint, but has abandoned the same." Except to confer on the accused the capacity to sue, the manner in which the prosecution terminated is immaterial. The law requires only that the particular prosecution complained of shall have been terminated, and not that the liability of the plaintiff to prosecution for the same offense shall have been extinguished, before the action for a malicious prosecution is brought. Consequently any proceeding by which the particular prosecution is disposed of in such a manner that it cannot be revived, and that the prosecutor, if he intends to proceed further, must institute proceedings de novo, is a sufficient termination of the prosecution to enable the plaintiff to bring his action. Apgar v. Woolston, 43 N. J. Law, 57; Casebeer v. Rice, 18 Neb. 203, 24 N. W. 693. Whether the proceeding in this case be regarded as a preliminary examination, or criminal action triable in the justice's court, it was disposed of in such a manner that the plaintiff could not be proceeded against upon the same charge, without the institution of a new proceeding. "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties." Rev. Code Civ. Proc. § 136. No one could be mistaken as to the meaning of the fourth paragraph of this complaint. It alleges in plain and concise language that the criminal proceeding was dismissed with the defendant's consent. Eliminate the words "by the state's attorney in and for said Turner county, acting for the state," and it

would clearly disclose a dismissal by the justice. What effect, then, should be given such qualifying clause? Certainly not one that is absurd, and contrary to the manifest intent of the pleader. A fair and reasonable—not to say liberal—construction, with a view of substantial justice between the parties, demands that the clause be given the meaning intended by the plaintiff and·understood by the defendant, namely, that the proceeding was dismissed through, or by means of, action taken by the state's attorney, with the defend-. ant's consent. The thought conveyed—the issue tendered is precisely the same as if the pleader had said the proceeding was dismissed by the justice on the motion of the state's attorney, and with the defendant's consent. Such an allegation would certainly be sufficient, because then the proceeding would be. at an end whether the dismissal was erroneous or not. It is evident that the plaintiff gave bail for his appearance on the day set for the hearing. If the proceeding was a preliminary examination, it was the duty of the magistrate on that day to "proceed to examine the case." Rev. Code Cr. Proc. § 135. The examination could not have been postponed more than six days, "unless by consent or on motion of the accused." Id. § 136.. If it was an action triable in the justice's court, it was the duty of the justice to proceed with the trial on the day set for hearing, unless upon good cause shown a postponement was granted. Rev. Justices' Code, § 125. In either case a failure to proceed and a dismissal of the proceeding, however irregular, would operate to discharge the accused, and prevent him from being· bound over or found guilty in that particular proceeding, thus rendering his cause of action complete, provided the prosecution was malicious, and without probable cause, which stands admitted for the purposes of this appeal.

But, giving the pleading the narrowest and most technical con-·

struction possible, the demurrer confesses that the criminal proceeding was dismissed with the defendant's consent, and that it was abandoned by him before this action was commenced. In other words, the malicious prosecution was voluntarily discontinued by the defendant, and it seems to me that he is not in position to assert that the proceeding is still pending. The admitted abandonment of the criminal prosecution clearly excludes an intention on the part of the defendant to revive that particular proceeding, if, indeed, it could be revived, which I have endeavored to show could not be done. When a prosecution has been abandoned as this is alleged to have been, without any arrangement with the accused, and without any request from him that it should be so abandoned; when defendant's conduct clearly discloses an intention on his part to proceed no further with a prosecution admitted to have been malicious and without probable cause—no valid reason suggests itself to my mind for longer delaying a redress of the wrong inflicted by such prosecution. Brown v. Randall, 36 Conn. 56, 4 Am. Rep. 35. So, with all due respect for the judgment of my associates, I am compelled to dissent from the conclusion that the order appealed from should be reversed.