# GILES C. PEAKE v. MILACA STATE BANK and Another.[1]

February 7, 1913.

Nos. 17,945—(185).

**Malicious prosecution — evidence insufficient for directed verdict.**
>The evidence examined, and *held*, that defendants were not entitled to a directed verdict, on the ground that it fails to show that they were the cause of plaintiff's arrest and imprisonment, nor on the ground of failure to show that the prosecution was malicious and without probable cause.

**Evidence.**
>The evidence conclusively shows that the prosecution was abandoned and terminated before this action was begun.

**Question for jury.**
>The court was warranted in submitting to the jury whether or not defendants had fully and fairly stated all the facts to counsel and followed his advice in the bringing of the criminal prosecution, so as to constitute a good defense herein.

Action in the district court for Mille Lacs county to recover $5,000 for false imprisonment. The facts are stated in the opinion. The separate answer of defendant bank alleged, among other matters, that plaintiff and William C. Hopkins obtained the sum of $150 by color and aid of a worthless and fraudulent check, received said sum from the answering defendant, and after its receipt moved their business from Mille Lacs and their whereabouts was unknown to defendant until they were both arrested by the police of Duluth, which arrest was made under instructions from the authorities of Mille Lacs county, who held a warrant for their arrest; that de-

[1] Reported in 139 N. W. 813.

Note.—The authorities on the question when an action is sufficiently at an end to support a suit for malicious prosecution therefor are gathered in notes in 2 L.R.A.(N.S.) 928 and 39 L.R.A.(N.S.) 1215.

For advice of counsel as defense to action for malicious prosecution, see extensive note in 18 L.R.A.(N.S.) 49.

fendant bank consulted Olin C. Myron, an attorney at law duly admitted to practice, and truly stated to him as its attorney all the facts of the case in anywise appertaining to procuring the $150 from defendant by means of the worthless draft, and thereupon that attorney directed defendant to make complaint to the justice of the peace. Except as stated, the other allegations of the complaint were denied. The case was tried before Taylor, J., who denied defendants' motion to direct a verdict in their favor and a jury which returned a verdict for $201. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*McDonald, Bernhagen & Patterson,* for appellants.

*Charles L. Lewis, J. H. Whiteley* and *E. L. McMillan,* for respondent.

HOLT, J.

Action for false imprisonment and malicious prosecution, wherein plaintiff had a verdict, and defendants appeal.

It appears from the record that plaintiff and one William C. Hopkins were partners in the produce and commission business under the name of the Minnesota Produce Company, having one place of business in Duluth, in charge of plaintiff, and another at Milaca, in charge of Hopkins. The defendant West was the cashier of the defendant bank, located at Milaca. The firm did business with defendant bank, and on January 18, 1912, had overdrawn their account to the extent of about $150. To cover this overdraft Hopkins drew a sight draft on the Minnesota Produce Company at Duluth, payable to defendant bank, for $150. This the bank placed to the credit of the firm and sent to Duluth for collection. It was dishonored. Thereupon the defendant West, in behalf of the bank, consulted an attorney, with the result that criminal complaints were drawn, attempting to charge plaintiff and his partner with a violation of section 5080, R. L. 1905. The complaints were sworn to by West before a justice of the peace at Milaca, who issued warrants therein returnable before a justice of the peace at Princeton. When this was done, West communicated with Charles D. Brown, agent of the

Minnesota Bankers Association, stating that the warrants had been issued and would be delivered to the sheriff for service. Brown then telephoned the chief of. police of Duluth to arrest plaintiff, which was done. Some arrangement had been made between West and the sheriff of Mille Lacs county, under which the latter was to go to Duluth, take plaintiff into custody under the warrant, and bring him before the justice at Princeton. When the sheriff arrived at Duluth, he did not serve the warrant or take plaintiff into custody, whereupon the chief of police let him go. Plaintiff was in jail two days. In the meantime he had procured counsel, who rendered services seeking his release, which services were reasonably worth $200. The verdict was for $201.

The contention of defendants is that the verdict is not sustained, because (a) the evidence fails to connect defendants with the arrest and detention of plaintiff by the chief of police at Duluth; (b) the proceeding under which it is alleged that plaintiff was prosecuted maliciously and without probable cause has not been terminated; and (c) it conclusively appears that defendants, after a full and fair statement of all the facts to counsel, followed his advice in what was done.

Under the evidence we think it became a proper question for the jury whether or not the defendant West, who must also be held to have acted for the defendant bank, was the cause of plaintiff's arrest and detention in the Duluth jail; also whether or not the criminal prosecution was malicious and without probable cause. Plaintiff would not have been arrested by the police authorities in Duluth, but for the representation of West to Brown that the proper warrant had been issued. West was undoubtedly the moving party in the prosecution. It is not necessary to set out the evidence in detail.

It was conceded at the trial and on the argument here that the criminal complaint sworn to by West stated no offense. The warrant likewise, which embodied the complaint, showed the same fatal defect. The officer would undoubtedly be justified in refusing to serve it. We may assume that for that reason, if for none other, the sheriff, upon arriving in Duluth, did not serve the warrant or take plaintiff into custody. At any rate, the fair conclusion is that a crim-

inal prosecution based on this fatally defective complaint was abandoned by the authorities when plaintiff was turned loose. Plaintiff has not had and cannot well have any opportunity to meet the charge made against him in that proceeding. There is no prospect that he will ever again be apprehended under the complaint made, and no return of the warrant issued is to be expected. Under the decision of Swensgaard v. Davis, 33 Minn. 368, 23 N. W. 543, we think the prosecution has terminated. See, also Leever v. Hamill, 57 Ind. 423; Page v. Citizens Banking Co. 111 Ga. 73, 36 S. E. 418, 51 L.R.A. 463, 78 Am. St. 144; Lueck v. Heisler, 87 Wis. 644, 58 N. W. 1101; Strehlow v. Pettit, 96 Wis. 22, 71 N. W. 102. The uncontroverted facts show that the prosecution is ended, without the slightest hope of ever being revived.

As to the protection afforded by following the advice of counsel, we think the record makes it a fair question for the jury whether all the facts were fairly stated by Mr. West to Mr. Myron, his counsel. The court's charge in that respect was fair and lucid, and fully protected the rights of defendants. We conclude that the defendants have had a fair trial, and the verdict is scarcely sufficient to compensate plaintiff for the actual expenses incurred in seeking to obtain his liberty.

Order affirmed.