EMIL HAUSER, Appellant, *v.* AUGUSTA M. BARTOW, Respondent.

Argued January 6, 1937; decided March 23, 1937.

*Max L. Schallek, Alfred Englander* and *Leon Vogel* for appellant. The complaint states a cause of action for abuse of process. (*Dishaw* v. *Wadleigh,* 15 App. Div. 205; *Dean* v. *Kochendorfer,* 237 N. Y. 384; *Foy* v. *Barry,* 87 App. Div. 291; *Assets Collecting Co.* v. *Myers,* 167 App. Div. 133; *Coulter* v. *Coulter,* 214 Pac. Rep. 400; *Matter of Dolowich,* 246 App. Div. 209; *Sneeden* v. *Harris,* 109 N. C. 349.)

*Victor D. Borst, Jr.,* for respondent. The complaint fails to state a cause of action for abuse of process. (*Lobel* v. *Trade Bank,* 229 N. Y. Supp. 778; *Lyons* v. *Scriber,* 174 N. Y. Supp. 332; *Kushdan* v. *Wilker Realty Co., Inc.,* 197 App. Div. 659; *McClerg* v. *Vielee,* 116 App. Div. 731; *Deane* v. *Kochendorfer,* 237 N. Y. Supp. 384; *Doane* v. *Hescock,* 155 N. Y. Supp. 210; *Beardsley* v. *Kilmer,* 200 App. Div. 378; *Auburn & Cato Plank Road Co.* v. *Douglass,* 9 N. Y. 444; *Morris* v. *Tuthill,* 72 N. Y. 575; *Silverman* v. *U. F. A. Eastern Division Distribution, Inc.,* 236 N. Y. Supp. 18; *Dishaw* v. *Wadleigh,* 15 App. Div. 205; *Risser* v. *Liberman Bros.,* 102 App. Div. 482.) This action is a collateral attack on the final accounting and of the incompetency proceeding and no attack can be made on those proceedings in this action by the plaintiff. (*Warren* v. *Union Bank,* 157 N. Y. 259; *Butler* v. *Jarvis,*

4 N. Y. Supp. 137; *Bridenbaker* v. *Hegeman*, 98 N. Y. 351; *Hull* v. *Hull*, 225 N. Y. 342.) The plaintiff has failed to allege a successful termination of the prior action. (*Risser* v. *Liberman Bros.*, 102 App. Div. 482; *Dishaw* v. *Wadleigh*, 15 App. Div. 205; *Lyons* v. *Scriber*, 174 N. Y. Supp. 332; *Kushdan* v. *Wilker Realty Co.*, 197 App. Div. 659.)

Hubbs, J. This is an action to recover damages for malicious abuse of process. The lower courts have dismissed the complaint on the ground that it fails to state a cause of action. The complaint alleges that respondent conspired with others "maliciously and wilfully, and without legal cause or warrant" to have appellant declared incompetent so that she might control his property and prevent his executing a new will; that without the knowledge of appellant, respondent commenced a proceeding in the Supreme Court to have herself appointed committee of his person and property, and falsely and maliciously represented in that proceeding that he was violent and that it would endanger his life to appear in court and thereby induced the court to issue its process; that she was thereafter appointed committee of his person and property; that she caused him to be removed as an officer and director of a company in which they were each stockholders, sold certain securities and otherwise managed his property; that appellant was unaware of these proceedings until some time thereafter when respondent threatened to deprive him of his liberty; that he then applied to the Supreme Court, a jury trial was had on the issue of his competency, resulting in a verdict to the effect that appellant was then competent and an order was entered discharging respondent as committee and ordering her to account, and that she accounted and allowances were made to her for commissions, attorneys' fees and other expenses.

The sole question before the court is: Do the facts so pleaded constitute a good cause of action?

The legal purpose of appointing a committee of one's person and property is to conserve the property of the incompetent and to look after, care for and protect the person.

The complaint in effect alleges that such was not the purpose of the respondent, but that knowing that he was not incompetent, she conspired with others to have him wrongfully declared to be incompetent for a wrongful and ulterior purpose; that the apparently lawful act was unlawful because done untruthfully and maliciously with the sole purpose of injuring and damaging the appellant in order to bring about a financial benefit to herself. Assuming, as we must, that the allegations of the complaint are true, if it alleges a cause of action it should not have been dismissed because it was given a wrong label. If it sets forth facts which constitute a legal wrong which the law recognizes, it is sufficient as a pleading.

" The gist of the action for abuse of process lies in the improper use of process after it is issued. To show that regularly issued process was perverted to the accomplishment of an improper purpose is enough." (*Dean* v. *Kochendorfer*, 237 N. Y. 384, 390). " The action is not for the wrongful bringing of an action or prosecution, but for the improper use, or rather ' abuse,' of process in connection therewith — as the Pennsylvania court has aptly put it, for a perversion of legal process. The process of law must be used improperly and this means something more than a proper use from a bad motive. * * * If the process is employed from a bad or ulterior motive, the gist of 'the wrong is to be found in the uses which the party procuring the process to issue attempts to put it. If he is content to use the particular machinery of the law for the immediate purpose for which it was intended, he is not ordinarily liable, notwithstanding a vicious or vindictive motive. But the moment he attempts to attain some collateral

objective, outside the scope of the operation of the process employed, a tort has been consummated. * * * The tortious character of the defendant's conduct consists of his attempt to employ a legitimate process for a legitimate purpose in an improper manner, and this point must be clearly shown by the plaintiff to entitle him to maintain his action." (Harper on The Law of Torts, § 272, pp. 593–595.)

It is not enough that the actor have an ulterior motive in using the process of the court. It must further appear that he did something in the use of the process outside of the purpose for which it was intended. (Cf. note, 27 Harvard Law Review, p. 594.) Every one has a right to use the machinery of the law, and bad motive does not defeat that right. There must be a further act done outside the use of the process — a perversion of the process. If he uses the process of the court for its proper purpose, though there is malice in his heart, there is no abuse of the process. He may be liable for malicious prosecution, but the distinction between these two wrongs must be kept in mind. As soon as the actor uses the process of the court, not to effect its proper function, but to accomplish *through it* some collateral object, he commits this tort. A concrete example may make this more intelligible. If one resorts to legal process to have another declared incompetent, and uses it for that purpose, he does not commit the wrong, though he may be guilty of another wrong, no matter what his motives, hopes or expectations may be. But if he makes use of that process, not for the purpose of attaining its proper end, but to extort money, or to coerce action, that is a perversion of process.

In this case, whatever may have been respondent's motives, she used the process of the court for the purpose for which the law created it. She *used* it, she did not *abuse* it. Nowhere in the complaint can there be found any allegation that respondent did any act by virtue of

the order adjudging the appellant incompetent and appointing her as committee of his person and property which was not within the scope of her duties as such committee or was in excess of the powers granted to her as such committee. The complaint, therefore, fails to state a cause of action for abuse of process.

It is urged that the complaint may be sustained as a complaint in an action for malicious prosecution. It appears, however, that the former proceeding has not been determined in appellant's favor. That it has been so determined is a necessary allegation in an action for malicious prosecution. If the rule were otherwise there might exist at the same time two judgments between the same parties directly in conflict upon the same issue. True it is that there are cases to the effect that the action will lie without such allegation where the original proceeding was without personal service and the defendant therein had no opportunity to defend. (*Bump* v. *Betts*, 19 Wend. 421; *Swensgaard* v. *Davis*, 33 Minn. 368; *Apgar* v. *Woolston*, 43 N. J. L. 57; *Whitten* v. *Bennett*, 86 Fed. Rep. 405.)

Assuming, however, that even though the order appointing the committee may have been jurisdictionally void, and that it would furnish no bar to an action for malicious prosecution of the incompetency proceedings, nevertheless the alleged incompetent thereafter appeared in the proceeding and, after his appearance, there was a conclusive adjudication of the validity of the original order.

The complaint alleges:

" *Nineteenth.* That immediately upon the discovery by the plaintiff of the fact of the appointment of the defendant as committee, the plaintiff began an investigation of such appointment, and in and about the month of March, 1935, caused an application to be made to the Supreme Court of the State of New York, Westchester County, to set aside said appointment, which application resulted in an order of said Supreme Court directing a trial by jury of the issue of his competency.

" *Twentieth.* That thereupon a jury trial of said issue was had in the Supreme Court, Westchester County, which resulted in a verdict by said jury that the plaintiff was competent both as to person and property.

" *Twenty-first.* That thereupon an order was entered in said court discharging the defendant as such committee, and directing her to account for her acts as such, and thereupon the defendant accounted *and allowances were made to her* both for commissions, attorneys' fees and other expenses which she had incurred in and about the management of said property belonging to the plaintiff, and *the defendant accepted such commissions* and made · such expenditures."

The proceedings upon that application are a part of the record in this appeal. In March, 1935, the plaintiff obtained orders to show cause " why an order should not be made vacating and setting aside the order of this court adjudging said Emil Hauser an incompetent and appointing Augusta M. Bartow as committee of his person and property." The petition upon which this order was presented shows that shortly after the defendant was appointed committee of the plaintiff's person and property, the plaintiff was informed that she " was perfectly willing to return the control of his property to him by the Fall of 1934 as she felt that the treatments which he was getting would put petitioner in good physical condition, for which reason your petitioner took no further steps in the matter." The petition concludes with these words: " Wherefore, your petitioner prays that the order of this court made the first day of August, 1934, appointing your petitioner's half-sister his committee should be set aside and vacated and an opportunity be given to your petitioner to defend the question of competency before a jury so that this Honorable Court may make an order removing said committee and restoring his property to the petitioner." Upon the return of the order to show cause the motion was granted to the extent

of ordering "that the competency of the incompetent be tried at the trial term of this court to be held," etc. The plaintiff here might have contested, upon the return of the order to show cause, the validity of the original order made without notice to him. (*Matter of Blewitt*, 131 N. Y. 541.) Instead, he availed himself of the practice, also approved in that case, of showing that he was *not* incompetent at that time.

After the defendant was discharged as committee she filed her account and upon that accounting she was allowed commissions in the sum of $2,133.94.

Under those circumstances there has been a conclusive adjudication that the original order was valid; that is, issued upon sufficient cause. Indeed, since the petition of the appellant herein prays for the discharge of the committee of his person, and alleges, in effect, that for months after he knew of the appointment of the committee, he acquiesced therein, it is too late now to urge that the proceeding was initiated without cause. The appellant had his day in court and failed in his effort to have respondent's original appointment revoked. It stands, therefore, as an adjudication after trial which bars an action for malicious prosecution.

It follows that no cause of action is stated and the judgment dismissing the complaint should be affirmed.

The judgment should be affirmed, with costs.

CRANE, Ch. J. (dissenting). One who has been wrongfully declared insane without notice or hearing at the instance of another, acting maliciously, knowing the allegations of insanity to be false, must have some remedy for such injustice. It cannot be that the form of action or the name we give it fails to arouse the court.

The complaint in this action has been held to be insufficient as not stating a cause of action for an abuse of process. In my opinion it is entirely immaterial whether it be called such or an action of malicious prosecution; it states a grievance recognized by law. (*Keller*

v. *Butler*, 246 N. Y. 249, 254.) In that case the court said: " Names and classifications of remedies are not indispensable to a court, although they may be convenient and necessary for the student. Justice may not tarry to tabulate. The fact is, such a wrong must have a remedy. It is provided either in the action for malicious prosecution or in an action for abuse of process." Continuing, we cited cases in the nature of malicious prosecutions for abuse of process. That insanity proceedings may be the basis for malicious prosecution, see Harper on The Law of Torts (§ 268); *Reade* v. *Halpin* (193 App. Div. 566, 569); Cooley on The Law of Torts ([4th ed.] § 127). Even a civil proceeding brought to harass and oppress may give rise to such a remedy. (*Burt* v. *Smith*, 181 N. Y. 1.)

Says Harper in his Law of Torts (§ 268): " Even under the narrow English rule, the action may be brought for insolvency or bankruptcy proceedings, since the reputation and credit of the plaintiff have sustained direct, pecuniary loss, and in most jurisdictions the action will lie for civil proceedings accompanied by arrest, attachment, or injunction. The institution of lunacy or insanity proceedings also comes within the principle since the liberty of the person charged is involved."

Where the alleged insane person has had no notice or hearing the decision of the court finding him incompetent is not such a determination as bars the action for malicious prosecution. (*Bump* v. *Betts*, 19 Wend. 421; *Swensgaard* v. *Davis*, 33 Minn. 368; *Apgar* v. *Woolston*, 43 N. J. L. 57.) In the *Swensgaard* case it was said: " The general rule, making the right to maintain an action of this nature [malicious prosecution] to depend upon the fact that the prosecution complained of has resulted in a determination in favor of the accused, is applicable only when the course of the prosecution has been such that the accused had the opportunity to controvert the facts alleged against him, and to secure a determination in his favor."

Taking the essential allegations in the complaint we find them to set forth: The defendant maliciously and willfully and without legal cause or warrant, sought to have the plaintiff declared incompetent, so as to procure his property. That in July, 1934, the defendant, without the knowledge of the plaintiff, began a proceeding in the Supreme Court to have herself appointed committee of the plaintiff's person and property, and caused such proceedings to be taken without notice to the plaintiff and without his knowledge, and she falsely and maliciously represented in said proceedings that the plaintiff was violent, and that it would endanger his life to appear in court; and she thereby induced the court to issue process and to appoint the defendant committee of the plaintiff's person and property. The plaintiff was entirely unaware of these proceedings until late in 1934 when defendant threatened to deprive him of his liberty; that immediately after discovering what had been done the plaintiff applied to the Supreme Court to set aside the appointment. The application was granted after a jury on a hearing had declared the plaintiff competent.

The complaint then sets forth the following: " That at all times the defendant knew that the plaintiff was not incompetent, insane or a lunatic."

Here, in my opinion, we have pleaded a sufficient and complete cause of action for malicious prosecution. The judgment below should be reversed, with costs, and the motion to dismiss the complaint denied, with costs.

What a trial of this action may show we cannot tell; the plaintiff may not sustain his case. Now, however, we are dealing solely with his broad allegations as if they were true.

The judgment should be reversed.

LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur with HUBBS, J.; CRANE, Ch. J., dissents in opinion in which O'BRIEN, J., concurs.

Judgment affirmed.