Charles A. Loreto, J.
This action was instituted by oral summons alleging on behalf of plaintiff Clarence Simmons a cause alleging conversion and on behalf of plaintiff Lydia Simmons alleging abuse of process.
During trial the complaint was dismissed as to the defendant Benjamin and the first cause was withdrawn. There remained therefore the second cause of the plaintiff Lydia Simmons against the defendant Dorr, a city marshal. This cause was submitted to the jury which returned a verdict in favor of the plaintiff in the sum of $1,000, $250 thereof as special damages and $750 as punitive damages.
The record indicates that an execution against property on a judgment for money against one Olga Pritchard was issued to the defendant Dorr. He called at the plaintiff’s home and removed therefrom a television. She is the mother of the Olga Pritchard. The plaintiff told the defendant that her daughter did not reside and had not resided with her for some time, and she protested with the defendant that the television did not belong to her daughter, but that it had been purchased for her by her son.
The defendant did not appear in court nor were any witnesses called on his behalf.
The defendant contends that the sole remedy of the plaintiff is under and pursuant to sections 696 and 697 of the Civil Practice Act and relying thereon duly moved to dismiss the complaint and also moved to set aside the verdict. Decision was reserved on those motions. Section 696 of the act states: ‘ ‘ 696. Claims to property by third person. If personal property levied upon as the property of the judgment debtor is claimed by or in behalf of another person, as his property, an affidavit shall be made and delivered to the sheriff by or in behalf of such person at any time while such property or the proceeds *664 thereof are in the sheriff’s possession, stating that he makes such a claim * * * In that case, the sheriff in his discretion, before he sells such personal property, or, in case such personal property has been sold, before paying out the proceeds from the sale thereof, may serve upon the plaintiff’s attorney a copy of the affidavit, with a notice, that he requires indemnity against the claim. If the indemnity is not furnished within three days after demand has been made by the sheriff, the sheriff, in his discretion, may deliver the property or the proceeds as the case may be, to the claimant, without incurring any liability to the plaintiff by reason of so doing; unless within three days after demand for indemnity, the judgment-creditor shall institute a proceeding for the purpose of having the title to the claimed property or the proceeds thereof, determined. The court or judge before whom the proceeding is brought, shall hear and determine the title thereto, and for that purpose, the judge hearing the proceeding, may, in his sole discretion, impanel a jury. * * * If, by such proceeding, it is determined that the property belongs to the claimant, it shall be delivered to him and the sheriff shall be thereby released from all claim for damages. If, by such proceeding it is determined that the levy or sale was valid, the sheriff shall proceed thereunder and shall be released from all liability to the claimant, by such determination.” And section 697 reads: “ 697. Action against sheriff by third person claiming property. A person who has claimed personal property pursuant to the provisions of the preceding section, and who has served an affidavit as prescribed therein, may maintain an action to recover his damages by reason of levying upon and selling such property against the sheriff who, by virtue of the execution has sold property claimed. The summons in such action must be issued within three months after the sale of the property and must be served within three months after it is issued. An action cannot be maintained against the sheriff by a person so entitled to make a claim except as prescribed in this section.” (Added by L. 1936, ch. 352, eff. Sept.- 1, 1936; former § 697, derived from Code Civ. Pro., § 1419, repealed by L. 1936, ch. 352, eff. Sept. 1, 1936. Italics supplied.)
The defendant’s argument raises this query. Whether in a case where an officer armed with an execution against X goes to the home of Y and seizes property claimed by Y in the absence of any showing that the officer had probable cause or reasonable basis to entertain the belief that X resides with Y *665 or that the property seized in Y’s home belongs to X, the sole relief available to Y is under the afore-mentioned statute.
Although Y is a claimant to the property seized, the argument that Y’s sole remedy under these facts is pursuant to sections 696 and 697 of the act, would give immunity to the officer for an intolerable abuse of power. Such a result was never intended by the Legislature. In the opinion of the court those provisions of the act apply when there is a claim to property seized and the seizure by the sheriff or city marshal is of property that he had probable cause or reasonable basis to believe belonged to the judgment debtor. No citation to support the defendant’s argument has been submitted nor has any been found by the court. In the court’s opinion, the defendant’s contention must be rejected.
The exclusive remedy mentioned in section 697 allowed to the claimant against the sheriff or city marshal relates to the claim to the property seized by the latter. To say that it includes all claims relating to harm to the person of a claimant inflicted by the officer in the exercise of the duties of his office is far fetched, if not fantastic. Such a sweeping immunity is not granted by the statute, nor can it be interpolated therein by any stretch of the imagination.
The public official as well as the ordinary citizen may be chargeable with abuse of process. Such conduct gives rise to a common-law tort. (Hauser v. Bartow, 273 N. Y. 370.) The former is not exempt from the consequences of his misconduct merely because he is executing a process in the discharge of his office if in fact he is chargeable with an abuse in its execution. This common-law tort if committed by the sheriff or city marshal has not been extinguished, restricted or absorbed by the aforesaid statute.
The court will not review the testimony adduced on behalf of the plaintiff, which remained uncontradicted, relating to the conduct of the defendant in her apartment leading up to the removal of the television. But the court will mention this testimony. She testified that he pressed her for the receipt of purchase of the television and for the rent receipt of the apartment, that he attempted to interfere with her receiving a telephone call and making one, that he threatened to take away all of her furniture, that he called two policemen into the apartment, that she had her pastor come to the apartment to confirm her statements made to the defendant, which he did, and that she was embarrassed and frightened and that the defendant nevertheless removed the television. Upon these acts of the defendant the cause of abuse of process is based.
*666 Therefore, the court charged the jury that if they found that the defendant used the process of court, not to attain its proper function, that is, to levy upon the property of Olga Pritchard, the judgment debtor, but to oppress, to coerce action, to subject the plaintiff to an inquisition and undue fear and to seize the property of another without any reasonable basis to believe that it was the property of the debtor, the defendant is chargeable with an abuse of process. The jury was instructed to determine whether the defendant’s conduct in the use of the process of court was calculated to be oppressive, cruel, intimidating, humiliating to the plaintiff. Whether it was an invasion of her privacy and an affront to her personal rights and dignity. Such was the harm charged by the plaintiff against the defendant. An appropriate charge was also given as to compensatory and exemplary damages.
The finding of the jury was a finding of harm to the person resulting from an abuse of process. The questions of whether the debtor resided with the plaintiff and whether the television belonged to the debtor, entered the case. But the jury was not required to determine whether the plaintiff was the owner of the television seized. The determination of that claim was not the subject of this action. That is reserved for procedure under the statute.
Accordingly, the motions made by the defendant on which decision was reserved, are denied.