—In an action to enjoin the operation of an auto body and fender shop on the ground that it is in violation of a zoning ordinance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated November 28, 1977, as denied the branch of its motion which sought to dismiss defendants’ counterclaim. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, the said branch of the motion is granted and the counterclaim is dismissed. On September 23, 1970 plaintiff caused a criminal summons to be issued to defendants, alleging that they were operating an auto body and fender shop in violation of the village’s zoning ordinance. On June 21, 1972 the criminal complaint was withdrawn because plaintiff had failed to obtain authority from the District Attorney to prosecute such criminal proceedings. On May 2, 1973 and May 16, 1973 two additional summonses were issued for criminal violation of the zoning ordinance— apparently with the approval of the District Attorney. In August, 1973 the village board of trustees revoked defendants’ permit to operate and maintain an auto body and fender repair and paint shop, after a full hearing. On January 23, 1974, after several appearances and adjournments, plaintiff withdrew the two pending criminal complaints upon the ground that the village intended to institute an action to enjoin defendants from operating their shop. In August, 1974 plaintiff commenced this action for an injunction. On October 8, 1974 defendants served their answer containing, inter alia, a counterclaim which alleged, in substance, that the village had willfully caused three criminal summonses to be served on the charge of operating an auto body shop in a C-l zone without a certificate of occupancy therefor, when in fact, at the time the summonses were issued, the village officials knew that defendants had such a certificate of occupancy which was in full force and effect. Defendants further alleged that the real purpose of the village in issuing the summonses was to harass them into surrendering their right to use part of their premises as an auto body shop and that as a result of the summonses they were forced to hire attorneys, make several court appearances, engage in conferences with counsel, etc., all of which took them away from their business to their damage in the sum of $50,000. Defendants never served a notice of claim against the village. The village failed to serve a reply to the counterclaim. The village moved to dismiss defendants’ counterclaim on the grounds that they (1) failed to file a notice of claim pursuant to section 50-e of the General Municipal Law, (2) failed to bring the action within one year and 90 days after the cause of action accrued, pursuant to section 50-i of the General Municipal Law, and (3) had abandoned the claim. In the alternative, the village asked for leave to serve a reply to the counterclaim. Special Term denied the motion to dismiss, holding that (1) with respect to the notice of claim requirement of section 50-e, there was insufficient documentary proof as to the date upon which the time limitation started to run, (2) the contention that defendants’ counterclaim was barred by section 50-i was without merit, and (3) the counterclaim had not been abandoned. Plaintiff was granted leave to file a reply to defendants’ counterclaim. In our opinion Special Term erred in denying the *610 motion to dismiss defendants’ counterclaim for failure to file a timely notice of claim. Section 50-e of the General Municipal Law requires that in cases against a public corporation founded upon tort, a notice of claim must be served within 90 days after the claim arises. The counterclaim asserted in defendants’ answer is pleaded in general terms and it is, therefore, somewhat difficult to determine precisely what cause of action defendants wish to assert. Their pleading is akin to three causes of action, namely, abuse of process, malicious prosecution and prima facie tort. Under any view of the facts of this case, the time to file a notice of claim based on these torts has long since expired. An action to recover damages for abuse of process involves the issuance of process compelling the performance or forebearance of a prescribed act. Here, plaintiff caused summonses to be issued compelling defendants’ appearance in a criminal court. The cause of action also requires that the issuance of the process be motivated by an intent to harm; it must seek some collateral advantage or corresponding detriment to the person served outside the legitimate ends of process and actual damage must be pleaded (Board of Educ. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397). Here, defendants claim that plaintiffs motive was to compel them to cease the lawful use of their premises as an auto body shop and that because plaintiff knew that defendants had a certificate of occupancy for that use, the summonses were intended to harass defendants into giving up their business. The earliest date upon which defendants’ cause of action for abuse of process could have accrued was on September 23, 1970, the date upon which the first criminal summons was served (see Hauser v Bartow, 273 NY 370, 374). At the latest, the cause of action accrued on January 23, 1974, the date upon which defendants last appeared under compulsion of the abused process and the criminal complaints were withdrawn (see 1 Am Jur 2d, Abuse of Process, § 24; Ann., 1 ALR3d, 953-954). A notice of claim therefore had to be served no later than 90 days after January 23, 1974 (see General Municipal Law, § 50-e, subd 1, par [a]) and the time has long since expired for defendants to move for leave to serve a late notice of claim (see General Municipal Law, § 50-e, subd 5; § 50-i). Insofar as defendants’ counterclaim may be read to plead a cause of action for malicious prosecution or prima facie tort, it is similarly barred for failure to file a timely notice of claim. A cause of action to recover damages for malicious prosecution begins to run from the date that the prosecution of the criminal action terminates in favor of the party asserting the cause (Marks v Townsend, 97 NY 590; Jones v Independent Fence Co., 12 Mise 2d 413, 414-415). Any cause of action for malicious prosecution, therefore, also accrued on January 23, 1974, the date upon which the criminal charges were withdrawn (see Limitation—Malicious Prosecution, Ann., 87 ALR2d 1048, 1053 [§ 51]). A cause of action to recover damages for prima facie tort arises when the party asserting the cause of action suffers actual damage from acts committed with the intention of causing harm without just cause or excuse. Here, defendants’ damage, if any, was caused during the pendency of the criminal proceedings and did not extend past January 23, 1974, when those proceedings terminated. Accordingly, the counterclaim must be dismissed because it is barred by defendants’ failure to file a timely notice of claim. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.