## TALMADGE E. SPAIDS

### *v.*

## OLIVER W. BARRETT *et al.*

57   289
26a 504
57   289
46a 318
57   289
56a 431
57   289
67a 299
57   289
169  483
57   289.
73a 182
57   289
94a ¹1175

1. SLANDER—*privileged statements in legal proceedings.* Whatever is said or written in a legal proceeding, pertinent and material to the matter in controversy, is privileged, and no action can be maintained upon it. So in an action on the case for wrongfully suing out an attachment, a count in the declaration which was merely a count in slander, based upon an alleged libellous affidavit filed for the procurement of the writ, was *held* bad on demurrer.

2. DURESS *of property—whether will avoid a contract.* Where goods, requiring special care, and of a perishable nature, were wrongfully taken and kept from the owner thereof by means of a writ of attachment fraudulently obtained, and were rapidly going to destruction, and the party in possession refused to surrender the goods on payment of the sum actually due, demanding more than twice that amount, and, in addition thereto, a release from all damages for his wrongful acts, and the defendant in the attachment, to obtain possession of his property, paid the sum demanded

19—57TH ILL.

and executed the release, it was *held*, in an action on the case for wrongfully suing out the attachment, a release executed under such circumstances could be avoided on the ground of duress.

3. Action on the case—*for maliciously suing out a writ of attachment.** An action on the case will lie for maliciously suing out an attachment and seizing the goods of the debtor, even though there was at the time some indebtedness. The party injured in such case is not restricted to a suit on the attachment bond.

4. Same—*of the averments in the declaration—whether sufficient.* In an action on the case for wrongfully suing out an attachment against the goods of the plaintiff, the declaration averred that the money claimed in the attachment was paid to save the property from total ruin: *Held*, the payment of the money having released the property from the levy and ended the suit, this was equivalent to an averment of a termination of the proceeding in attachment. The omission of such an averment is however cured by verdict.

5. While the averment of the want of probable cause is of the *gist* of such action, still the words " without any reasonable or probable cause " are not indispensable. Language may be used having the same meaning, and if this necessary averment of the want of probable cause is included in the sense of the declaration, that is sufficient.

6. Where the declaration averred, substantially, that the defendants, wickedly and maliciously intending to injure and ruin the plaintiff, and extort money from him, procured the making of an affidavit and the issuance of a writ of attachment, and that they knew the statements in the affidavit were false, it was *held*, upon the question as to the sufficiency of the declaration, on motion in arrest of judgment, such averments negatived the existence of probable cause, and were equivalent to the positive assertion of a want of probable cause.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Judge, presiding.

Messrs. Sleeper & Whiton, for the appellant.

Mr. Henry S. Monroe, for the appellees.

Mr. Justice Thornton delivered the opinion of the Court:

The question presented in this case, as to the sufficiency of the declaration, will be considered as on motion in arrest of judgment.

*See also the case of *Lawrence* v. *Hagerman*, 56 Ill. 68.

The demurrer was properly sustained to the second count. It is nothing more than a count in slander, based upon an alleged libellous affidavit, filed in a legal proceeding. Whatever is said or written in such proceeding, pertinent and material to the matter in controversy, is privileged, and no action can be maintained upon it. 1 Hill. Torts, 344; *Warner* v. *Paine*, 2 Sandf. 195; *Garr* v. *Selden*, 4 Comst. 91.

The first count alleges that the plaintiff was a dealer in oysters, and doing a large and lucrative business, and was indebted to appellees for transportation, &c., in the sum of $1,000, which he was able and willing to pay, and that they, maliciously intending to injure him and deprive him of his business, procured Barrett, one of appellees, to make an affidavit, and that he did make an affidavit that plaintiff was indebted to the express company in the sum of $2,996.30, for transportation, &c., and that he had fraudulently conveyed and assigned his property, and was about fraudulently to conceal, assign, or otherwise dispose of his property, so as to hinder and delay his creditors; and that appellees then filed said affidavit with the clerk of the circuit court of Cook county, and obtained a writ of attachment, and procured the levy thereof upon $5,000 worth of oysters, and deprived the plaintiff of possession, and neglected to take care of them; by reason whereof they became of no value.

The declaration further alleges that it was not true that the plaintiff had fraudulently conveyed or assigned, or intended to conceal and assign, his property, so as to hinder and delay his creditors; that he was not indebted in the amount mentioned in the affidavit, and that the same was false and fraudulent, and well known to be so, by appellees; and that they, wickedly and maliciously intending to injure, and extort a large sum of money from him—nearly $2,000 more than was due upon a fair accounting—refused to permit the oysters to be delivered to him, except on the payment of the sum in the affidavit mentioned; and that he, under protest, and to save his property from utter ruin, paid the same, not knowing that

the oysters had sustained serious injury, by reason of the care-lessness of appellees.

To this count, the general issue and a special plea of release were filed.

To the special plea the plaintiff replied *non est factum*, and that the release was obtained by duress of property. A demurrer was interposed to the special replication, which was sustained, and the plaintiff abided.

Three questions are raised by the record, and in the argu-ment. First, is the special replication a good defence? Second, is not the plaintiff restricted to his remedy on the attachment bond? Third, is the count bad, on motion in arrest, for omitting to aver the termination of the suit, and the want of probable cause?

Upon the first question the authorities differ. All promises made and contracts entered into, where there is duress of the person, may be avoided. The reason is, that the person is induced to do the act by restraint of his liberty, or menace of bodily harm. But it has been held that an agreement, made under duress of goods, is not void, and that the person thus circumstanced must exert himself and resist the compulsory influence, when his property is in danger. We can not appre-ciate the difference. Liberty and life are justly dear to all men, and so is the exclusive right to possess, dispose of, and protect from destruction, our property. We can not forget the fact that the desire for property is a strong and predominant characteristic of man, in organized society. An act done, prompted by this desire to preserve, and impelled by fear of the destruction of goods, is not voluntary. It is an act of compulsion. In *Fashay* v. *Ferguson*, 5 Hill, 158, Bronson, J. said: "I entertain no doubt that a contract procured by threats, or the destruction of property, may be avoided on the ground of duress. It wants the voluntary assent of the party to be bound by it. Why should the wrong-doer derive advan-tage from his tortious act?"

Consent is of the essence of all contracts. Without it there may be the shadow, but not the substance. Money paid, as the only means to recover the possession of property to which the party is entitled; or, money paid to obtain possession of goods, where wrongfully taken, may be recovered back. Steph. *Nisi Prius,* 1, 358; *Chase* v. *Dwinal,* 7 Greenl. 134; *Oates* v. *Hudson,* 6 Exch. 346; *Nelson* v. *Suddarth,* 1 Hen. & Munf. 350. If money could be recovered back, under the circumstances, why is not the release void? It was not obtained with the consent intended by the law. Property, which required especial care, had been, by fraud, perjury and extortion, wrongfully taken; was of a perishable nature, and rapidly going to destruction. The party having possession refused to surrender on payment of the actual indebtedness, but demands more than double the sum due, and in addition thereto a release for all damages for the wrongful acts—for the malicious violation of right and law. It would be a scandal to a court of justice if a release, given under such circumstances, could not be avoided. We think the special replication a good answer to the plea, and that the demurrer should have been overruled. *Nelson* v. *Suddarth,* 1 Hen. & Munf. 350; *Sasportas* v. *Jennings,* 1 Bay, S. C. 470; *Collins* v. *Westberry,* 2 Bay, 211; *Bane* v. *Detrick,* 52 Ill. 19.

We entertain no doubt that an action on the case lies for maliciously suing out an attachment and seizing the goods of the debtor, even though there was at the time some indebtedness; when the indebtedness claimed exceeded the actual amount $2,000, the levy was grossly excessive, and the object was extortion and oppression, attempted to be sustained by fraud and perjury. The party injured is not restricted to a suit on the bond. In many cases the amount of the bond would not be sufficient to compensate for the wrong—the loss of property, the destruction of business and deprivation of profits, and the injury to feelings and reputation. In case exemplary and vindictive damages were given, the bond would be no security. It is claimed that the attachment bond is similar to an injunction bond, and that the case of *Gorton* v.

*Brown,* 27 Ill. 489, is in point. This court did decide, in that case, that an action could not be maintained for maliciously suing out a writ of injunction, because the injunction bond was intended to indemnify the party for all damages, in case the injunction is dissolved. This court has restricted the damages, in such case, to the judgment enjoined, and costs, and such damages as may be awarded by the court, upon the dissolution of the injunction. *Roberts* v. *Fahs,* 36 Ill. 271. This, too, is the language of the statute. The condition in the attachment bond is entirely different. It provides for the payment of such damages as shall be awarded, " in any suit or suits which may hereafter be brought for wrongfully suing out the attachment." This evidently contemplates suits, in addition to a suit on the bond, for on that there could be but one suit. In the case in 27 Ill. (*supra,*) the court assigned, as one reason for its opinion, that only one authority could be found in the books to sustain such a suit for suing out a writ of injunction. For the action in this case there are numerous authorities : *Savage* v. *Brewer,* 16 Pick. 456 ; *Bump* v. *Betts,* 19 Wen. 421 ; *Donnel* v. *Jones,* 13 Ala. 490 ; *Ibid.* 17 Ala. 689 ; *Lindsay* v. *Larned,* 17 Mass. 190 ; *Whipple* v. *Fuller,* 11 Conn. 582 ; *Tomlinson & Sperry* v. *Warner,* 9 Ohio, 103 ; *Weaver* v. *Page,* 6 California, 681.

We have decided that the attachment suit was not terminated by consent, and that the release was obtained by duress of property. The averment in the declaration is, that the money claimed in the writ of attachment was paid to save the property from total ruin. The payment of the money released the property from the levy, and ended the suit. This is equivalent to an averment of a termination of the proceedings in attachment. The omission of such averment is, however, cured by verdict. 1 Chit. Plead. 679 ; 3 Steph. *Nisi Prius,* 2279 ; *Skinner* v. *Gunton,* 1 Saund. 228 ; *Young* v. *Gregorie,* 3 Call, 391 ; *Wine* v. *Ware,* 1 Siderfin, 15.

The current of authorities in the American courts is, that the averment of the want of probable cause is of the *gist* of

this action. We do not, however, hold that the words—"without any reasonable or probable cause"—are indispensable. Language may be used having the same meaning; and if this necessary averment of the want of probable cause is included in the sense of the declaration, it should be held sufficient. The averments in the declaration in this case are, substantially, that appellees, wickedly and maliciously intending to injure and ruin appellant, and extort money from him, procured the making of an affidavit and the issuance of a writ of attachment; and that they knew that the statements in the affidavit were false. If these averments be true, there could not have been any probable cause for the proceeding in attachment and the seizure of the property of appellant. If wilful perjury was committed—and this is charged—then there was no cause whatever for the prosecution. The averments in the declaration negative the existence of probable cause, and are equivalent to the positive assertion of a want of probable cause. *Savage* v. *Brewer,* 16 Pick. 456 ; *Maddox* v. *McGinnis,* 7 Monroe, 370; *Young* v. *Gregorie,* 3 Call, 386.

The averments in the declaration, and proofs offered, if they can be made, show a most iniquitous abuse of legal process to extort money ; and courts of justice had better be abolished if they can afford no redress for such oppression. The court therefore erred in the rejection of the evidence offered. For the errors indicated, the judgment is reversed, and the cause remanded.

*Judgment reversed.*