## John W. Burdette v. Benjamin Argile et al.

1.  LIBEL AND SLANDER—*Pleadings in Judicial Proceedings Privileged.*—In judicial proceedings, both the answers of witnesses in testifying and the written statements of litigants and counsel in their pleadings, when such answers and statements are material and pertinent to the issues presented, are protected as privileged communications, upon which no liability can be predicated by reason of the words alone, in suits for slander or libel.

2.  SAME—*Malice Not to be Predicated upon Privileged Words.*— Privileged words include those which are used by a party or counsel, or by a party acting as his own counsel in judicial proceedings, including preliminary inquiries as to crime before justices of the peace, and malice can not be predicated merely upon such words.

3.  SAME—*Privileged Communications in Judicial Proceedings—Application of the Rule.*—The rule of protection applies only to such words and writings, spoken or published, as are material and pertinent to the issues presented by the judicial proceeding in which they occur.

4.  SAME—*Presumption of Malice May Be Overcome.*—The presumption of malice arising from the use of libelous words may be overcome by proof.   Where the words are not pertinent and material the rule of protection does not apply; but the defendant may show that he believed in good faith that they were pertinent and material and so rebut the presumption of malice.   · .

5.  SAME—*Words Offensively Expressed in Judicial Proceedings.*— Where words spoken or published in a judicial proceeding are material and pertinent, they are protected as privileged matter, even though such matter is expressed in words unnecessarily harsh and offensive.

6. APPELLATE COURT PRACTICE—*Stipulation that the Bill of Exceptions May Be Incorporated in the Record.*—A bill of exceptions will not be stricken from the files because the stipulation provided that the original bill of exceptions " be incorporated in the record and taken to the Appellate Court" instead of providing that it be incorporated in the transcript of the record.

Action on the Case, for libel.   Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.   Heard in this court at the October term, 1900.   Reversed and remanded. Opinion filed March 14, 1901.

Statement.—This action is on the case for libel.  Appellees, in response to a rule of the Superior Court of Cook County requiring them to show cause why they should not be adjudged in contempt of said court, filed a written answer to the rule, a part of which constitutes the alleged libel sued upon.   The part in question, as set up by the declaration of appellant, with appropriate innuendo, is as follows:

" J. W. Burdette (meaning plaintiff) executed and filed a criminal complaint before James C. Martin, a justice of the peace and police magistrate in Cook county, Illinois; that the said J. W. Burdette (meaning plaintiff) swore to said complaint; that the matters stated in said complaint are absolutely false and untrue, and were known so to be by the said J. W. Burdette (meaning plaintiff) at the time he (meaning plaintiff) made oath to the same."

To appellant's declaration, alleging *inter alia* the above matters as a publication constituting libel, the appellees pleaded the general issue : the truth of the alleged libel, as justification; that the writing was a privileged statement, in that it was published in pleadings in a judicial proceeding, and a further plea that it was published in judicial proceedings, and that defendants believed it to be pertinent thereto.   Issue having been joined upon these pleas, the cause proceeded to a trial.

Upon the trial appellant presented evidence to sustain his declaration.   It appeared that the publication in question was a part of a pleading in a judicial procedure, *i. e.*, it was part of an answer to a rule upon defendants to show cause why they should not be adjudged to be in contempt of the

Burdette v. Argile.

court. It also appeared that the court where the contempt proceedings were had, upon the motion of appellant, ordered the portion of the answer which is here in question to be stricken from the answer as impertinent matter. There was evidence showing controversies between appellant and appellees arising in the course of their business affairs, out of which the litigation arose which resulted in the publication of the alleged libel.

At the conclusion of the evidence offered by the plaintiff below, appellant here, the trial court peremptorily directed a verdict to be returned finding appellees not guilty.

From judgment on that verdict this appeal is prosecuted.

E. A. Sherburne and John W. Burdette, attorneys for appellant.

In an action for libel on a plea of truth as justification, the burden is on the defendant to prove affirmatively the truth of the charges complained of and also good faith in publishing them, and the issue is for the jury. Const. Ill., Art. II, Sec. 4; Corbley v. Wilson, 71 Ill. 209; Trennell v. Ferguson, 17 Ill. App. 76; White v. Carroll, 42 N. Y. 161; Newell on Slander and Libel, 449.

In an action for libel a plea of privilege that the matter was pleaded in good faith, in the belief that it was pertinent, is an issue of fact, the burden of proving which is on the pleader and goes to the jury. White v. Carroll, 42 N. Y. 161; Newell on Slander and Libel, 449, 450.

In an action for libel, on a plea of privilege that the matter was pertinent and relative to judicial proceedings in equity in which it was published, the adjudication of the chancellor in the former suit that the matter was scandalous and impertinent is *res adjudicata* between the parties and their privies in the action at law. Attorney General v. C. & E. I. R. Co., 112 Ill. 520 (538).

Aspersions on the character and motives of counsel engaged in the litigation are not pertinent and material. Union Mut. Life Ins. Co. v. Thomas, 83 Fed. Rep. 803.

Libelous charges made before a court not legally compe-

tent to investigate them are actionable.    Milam v. Burnside, 1 Brev. (S. Car.) 295; McLaughlin v. Cowley, 127 Mass. 316; Hoar v. Wood, 3 Met. 193.

Express malice defeats privilege.    Hancock v. Blackwell, 139 Mo. 440; Rausch v. Anderson, 75 Ill. App. 526 (536 *et seq.*); Tiepke v. Times Pub. Co. (R. I.), 37 Atl. 1031; White v. Carroll, 42 N. Y. 161; Wharton v. Wright, 30 Ill. App. 343.

Impertinent libelous matter published and uttered in a proceeding at law is not privileged.    Elam v. Badger, 23 Ill. 498; Gilmer v. Eubanks, 13 Ill. 271; McDavitt v. Boyer, 169 Ill. 475; Un. Mut. Life Ins. Co. v. Thomas, 83 Fed. Rep. 803; McLaughlin v. Cowley, 131 Mass. 70; Newell on Slander and Libel, 425.

HARRY P. SIMONTON and EDGAR L. MASTERS, attorneys for appellees.

In arriving at the question of relevancy, it is not material whether the words were actually relevant, but whether when uttered they could fairly and reasonably have been supposed to have been material to the issue.    Lea v. White, 4 Sneed (Tenn.), 111; Hoar v. Wood, 3 Metc. (Mass.) 193, 194, 197; Hart v. Baxter, 47 Mich. 198; Mower v. Watson, 11 Vt. 536, 541; Townsend on Slander & Libel, Sec. 220, 221; Garr v. Selden, 4 Com. (N. Y.) 91.

Great latitude of remark and observation is allowed to all persons, both parties and counsel, in the conduct and management of all proceedings in the course of the administration of justice.    Hoar v. Wood, 3 Metc. (Mass.) 193, 194, 197.

Express malice does not defeat privilege.    Malice can not be " predicated on what is said or written in a proceeding in a court of justice."    McDavitt v. Boyer, 169 Ill. 475, 483.

· MR. JUSTICE SEARS delivered the opinion of the court.

The only question presented upon this appeal is as to the sufficiency of the evidence to go to the jury; and the only ground upon which the direction of a verdict by the trial

court is sought to be justified, is that the writing, in which the alleged libel was published, is such a privileged publication as could in no event, under the evidence, be made the basis of a liability.

The general rule is, as contended by counsel for appellees, that in judicial proceedings both the answers of witnesses in testifying and the written statements of litigants and counsel in their pleadings, when such answers and such statements are material and pertinent to the issues presented, are protected as a matter of public policy, and constitute privileged communications upon which no liability can be predicated by reason of the words alone, in suit for slander or libel. McDavitt v. Boyer, 169 Ill. 475.

By that decision it is announced to be the rule that in the case of such privileged testimony and writings, malice can not be predicated merely upon the words thus spoken or written. Mr. Justice Magruder, speaking for the court, said:

"Privileged words are also those which are used by a party or by counsel, or by a party acting as his own counsel, in judicial proceedings, including preliminary inquiries as to crime before justices of the peace. The same reasons, based upon public policy and upon the necessity for a fearless administration of justice, apply here as in the case of witnesses. Whatever is said or written in a legal proceeding, pertinent and material to the matter in controversy, is privileged, and no action can be maintained upon it. (Spaids v. Barrett, 57 Ill. 289; Strauss v. Meyer, 48 Id. 385.) Malice can not be predicated of what is said or written in a proceeding in a court of justice."

But by this decision, as by all other well considered authority, the rule of protection is made to apply only to such words and writings, spoken or published, as are material and pertinent to the issues presented by the judicial proceeding in which they occur. McDavitt v. Boyer, *supra;* U. M. L. I. Co. v. Thomas, 83 Fed. Rep. 803; McLaughlin v. Cowley, 127 Mass. 316; same v. same, 131 Mass. 70.

It has been held that where the person testifying as a witness or charging facts in a pleading in a judicial procedure in good faith believes the words thus spoken or

written to be material and pertinent to the issues presented in such proceeding, then the rule extends to such person, although the matter may be found to be not material and pertinent. Hastings v. Lusk, 22 Wend. 410; White v. Carroll, 42 N. Y. 161; Lea v. White, 4 Sneed (Tenn.), 111.

Which, after all, merely amounts to holding that the presumption of malice, arising from the use of libelous words, may be overcome by proof. In such case, the words not being pertinent and material, the rule of protection does not apply; nevertheless the defendant may show that he believed in good faith that they were pertinent and material, thus rebutting the presumption of malice.

Where the words spoken or published in judicial proceedings are material and pertinent, then it would seem that they are protected as privileged matter, even although the material and pertinent matter is expressed in words unnecessarily harsh and offensive. Astley v. Younge, 2 Burrows, 807; Hodgson v. Scarlett, 1 Barn. & Ald. 232; Marsh v. Ellsworth, 50 N. Y. 309; Hoar v. Wood, 3 Metc. (Mass.) 193; Hart v. Baxter, 47 Mich. 198.

In the case last cited the Michigan court, speaking through Mr. Justice Cooley, said:

"Undoubtedly Baxter made use of epithets which were needless, and added no force to his statements, but he said nothing that was irrelevant, and the privilege was not lost by the excess."

Measuring the case presented by the well established rules, as announced in the authorities cited, we are of opinion that the court erred in peremptorily directing a verdict for appellees. The alleged libel, as set forth in the foregoing statement of facts, counted upon in the first count of appellant's *narr.*, presents a good cause of action in absence of a defense. The evidence sufficiently sustained the allegations of the declaration to warrant a submission to the jury. No defense, by way of justification, was established. The evidence relied upon by counsel for appellees is, we think, quite insufficient to warrant the court in concluding that the alleged libel was shown to be true.

Nor is the fact that the publication appeared from the evidence to have been uttered as part of an answer in a judicial proceeding, sufficient, for the question of its materiality and pertinency still remained, or, at least, question as to whether the appellees in good faith regarded it as material and pertinent.

The court, in the judicial proceeding in which it occurred, viewed the matter as impertinent, and it was ordered stricken out of the answer on that ground. And from the evidence, disclosing the nature of the controversy in the contempt proceeding, it is apparent that the court in this suit could not properly hold that it was established that the matter was material and pertinent. If the defense that appellees in good faith believed it to be material and pertinent, was relied upon, then it was an affirmative defense, to be established by evidence, and no evidence to that end was presented. Moreover, it was primarily a question of fact for the jury, and not of law for the court. White v. Carroll, *supra*.

In that case the Supreme Court of New York said :

" It is perfectly clear that the question whether the defendant was protected under the circumstances was not a question of law for the court, but was a question of fact for the jury. It was really a question of conduct, of motive, of good faith and honest purpose, or of bad faith and malicious purpose. The question was whether the defendant did or did not avail himself of the occasion to maliciously answer the questions put to him as a witness in the way he did. This question was most emphatically a question for the jury."

When the libelous matter is irrelevant and not pertinent to the proceeding in which it occurred, and where a defense is relied upon to the effect that the defendants in good faith believed it to be material and pertinent, then the question of good faith and malice is presented as a question of fact to be submitted to a jury.

It is urged by counsel for appellees that the bill of exceptions should be stricken from the record, because the stipulation provides that the original bill of exceptions " be

incorporated in the record and taken to the Appellate Court," instead of providing, as was the evident intent of the litigants, that it be incorporated in the transcript of record.

This question has been considered by this court, and is disposed of adversely to the contention of appellees, in Am. Vault, S. & L. Co. v. Springer, 80 Ill. App. 231.

For the error in peremptorily directing the jury to return a verdict for appellees, the judgment is reversed and the cause is remanded.