### JOHN O. MARTIN v. CEDAR LAKE ICE COMPANY AND ANOTHER.[1]

May 7, 1920.

No. 21,755.

**Malicious prosecution — claim put in judgment.**

A plaintiff cannot maintain an action for malicious presecution of a civil suit wherein judgment was obtained against him upon the claim sued on. The existence of the judgment establishes the validity of the claim so that the transfer thereof prior to suit cannot be held wrongful.

Action in the district court for Hennepin county to recover $5,000 for malicious prosecution of a civil action. At the trial defendants' separate motions for judgment on the pleadings were granted, Fish, J. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*W. H. Place* and *W. H. Adams,* for appellant.

*Simon Meyers* and *C. R. Empey,* for respondents.

HOLT, J.

Action for malicious prosecution of a civil action. The court granted

[1] Reported in 177 N. W. 631.

defendants' motion for judgment on the pleadings, and plaintiff appeals from the order denying his motion for a new trial.

Plaintiff alleged that, when he was adjudged a bankrupt in the fall of 1914, he owed the defendant Cedar Lake Ice Company $59.33; that the company filed its claim in the bankruptcy proceeding, and on March 31, 1915, was paid by the trustee therein, $9.01, its pro rata share of the estate; that on February 13, 1915, plaintiff was duly discharged from all provable claims and debts by the bankruptcy court; that two years later the defendant Flanery began an action in the municipal court of Minneapolis to recover of plaintiff $59.33, claiming that the Cedar Lake Ice Company had assigned its said claim to him; that plaintiff employed an attorney who interviewed both defendants, and was told by the company that a mistake had been made and it would cause the action to be dismissed, and by Flanery that he would investigate and if he found that plaintiff (the defendant) had been discharged of all his debts in the bankruptcy proceeding, he would dismiss the suit; that defendants disregarded their promises and entered judgment by default in said action on March 28, 1917, and a year later instituted garnishment to enforce the judgment so obtained; that defendants acted maliciously and without probable cause in attempting to deal in or with said claim and in instituting said action and the ancillary garnishment; that the judgment now stands in said municipal court against plaintiff (the defendant in the action therein) in the sum of over $70; that plaintiff has spent $25 for attorney's services in an attempt to have the judgment vacated, and that he has been damaged in the sum of $5,000. The answers admitted the existence of the judgment.

Before an action for malicious prosecution of a civil suit may be maintained, the plaintiff must allege and prove a termination of the original proceeding in his favor. Pixley v. Reed, 26 Minn. 80, 1 N. W. 800; 18 R. C. L. p. 21, § 11; 26 Cyc. pp. 55 and 76. Here the allegation is that the judgment in the action claimed to have been instituted without probable cause and maliciously still remains in full force and effect. There are a few exceptions to the general rule stated, as, for instance, where an attachment may be procured ex parte and the court in which it issued has no power to set it aside, or where the defendant

in the original suit or proceeding had or could have had no opportunity to have a termination thereof in his favor. Swensgaard v. Davis, 33 Minn. 368, 23 N. W. 543; Rossiter v. Minnesota Bradner-Smith Paper Co. 37 Minn. 296, 33 N. W. 855. But this is not a case coming within any of the exceptions. Plaintiff had the opportunity to answer and defend the municipal court action. There the adjudication in the bankruptcy proceeding would have availed, so also would the fact, if such it be, that Cedar Lake Ice Company had no claim capable of assignment to Flanery. And if no defense was interposed in that action because of the deceit practiced by these defendants, or because of the inadvertence or excusable neglect of this plaintiff or of his attorney, the law afforded ample opportunity for relief, and, had application been made to the municipal court, the judgment, no doubt, would have been vacated and leave to answer and defend given. Nelson v. International Harvester Co. 117 Minn. 298, 135 N. W. 808, is relied on by appellant, but there it clearly appeared that the action and guaranishee porceedings instituted by the Harvester Company had terminated in Nelson's favor.

The allegations of the complaint leave no room for the contention that the Cedar Lake Ice Company cannot invoke the general rule above stated. The complaint avers that the claim which was wrongfully transferred has merged into a judgment now in force and unsatisfied. It is not perceived how an actionable wrong was committed in selling a claim that has become a good and unassailable debt against this plaintiff. The fact that the claim now stands in judgment establishes, as a matter of law, that there was probable cause for bringing suit thereon. Want of probable cause is the gist of an action for malicious prosecution. Spaids v. Barrett, 57 Ill. 289; Noblett v. Bartsch, 31 Wash. 24. It is true, malice may be inferred from want of probable cause, but a jury may not be permitted to infer want of probable cause from malice. Indeed, the question of want of probable cause, where the facts are undisputed, is for the court and not the jury. The complaint cannot be construed as stating a cause of action for malicious abuse of civil process. The attempt to collect a valid and unpaid judgment by garnishment may not be held wrongful or unlawful.

The order is affirmed.