GEORGE MANNHEIMER v. RUSSELL H. PHINNEY AND
ANOTHER.
MERCHANTS NATIONAL BANK OF ST. PAUL, GARNISHEE.
ST. PAUL FIRE & MARINE INSURANCE COMPANY
AND OTHERS, INTERVENERS.[1]

June 1, 1928.

No. 26,745.

**Findings sustained that money in defendants' bank account was not a trust
fund.**

The evidence is *held* to sustain the findings of the trial court that
the money garnisheed was not a trust fund and that interveners had
no superior rights therein as against this plaintiff.

Garnishment, 28 C. J. p. 389 n. 26.

The interveners appealed from an order of the district court for
Ramsey county, McNally, J. denying their motion for a new trial.
Affirmed.

*Harry A. Hageman,* for appellants.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Edwin
B. Baer,* for plaintiff-respondent.

OLSEN, C.

Appeal by interveners from an order denying their motion for a
new trial.

In their brief the interveners state that the only question raised
is: Was the fund garnisheed a trust fund in the hands of the de-
fendant Wight-Phinney Company belonging to the interveners?
The fund in question was not in the hands of the Wight-Phinney
Company, but in the hands of the garnishee, Merchants National
Bank; and the statement should be corrected to that extent.

[1]Reported in 219 N. W. 765.

The plaintiff, on March 18, 1925, brought the action against Russell H. Phinney and the Wight-Phinney Company. A garnishee summons was issued and served at the same time upon the Merchants National Bank and a disclosure thereafter had, showing that the bank was indebted to the defendant Wight-Phinney Company in the sum of $744.33 on open bank account. The interveners came into the garnishee proceeding and claimed superior rights to the fund so garnisheed. Their claim is that this fund was a trust fund belonging to them and that their rights therein were superior to the rights of the plaintiff under the garnishment. The court found against the interveners and dismissed their complaint.

The Wight-Phinney Company was the agent for the interveners and three or four other insurance companies for writing insurance, collecting premiums therefor, and remitting premium income, less commissions, to the several insurance companies. The contracts between the Wight-Phinney Company and the insurance companies provided, in one paragraph:

"All moneys or securities received or collected for or on behalf of the Company, shall be held by the Agent in a fiduciary capacity, and the Agent shall in no case use such funds or securities for the purpose of promoting or paying expenses of the Agency, or make any personal or other use of the same, but the same shall be held and transmitted in accordance with the terms of this agreement."

Another provision of the contract is:

"The Agent shall forward to the Company * * * on or before the 15th day of each month on blanks furnished by the Company full detailed statement of all business written or transacted by or through the Agent, and cancellations received during the previous calendar month, and on or before the 10th day of the month following that in which the statement is made shall remit to the Company * * * after deducting commissions, the amount due for net business written as shown by said statement. The premiums on all policies written in the Associated Companies shall be paid to the Company not later than thirty days from their effective date."

The contract further provided:

"The agent agrees to be responsible for the payment of, and shall pay to the Company, * * * all premiums on policies procured by the Agency * * *. The agent also agrees to furnish a bond in the sum of $7,500.00 * * * for the faithful discharge and performance of all the duties and obligations herein agreed to."

The Wight-Phinney Company kept but one bank account and in that account deposited moneys received for premiums on insurance policies in the companies named as interveners herein and three or four other companies. Moneys from other sources than the insurance business were also, to a limited extent, deposited in this same bank account. Office expenses, salaries, commissions to subagents, and all other items of expense of the company were paid out from this bank account. Remittances to the different insurance companies were made by check upon this same bank account. The Wight-Phinney Company made daily reports to the various insurance companies of the policies and business of each day. At the end of the month they made a report covering the business of each company for that month. Remittances for such business were then to be made within 45 days after the close of the month. At the time the garnishee summons herein was served the company had in its bank account the said sum of $744.33. Just what the source of this fund was is not definitely shown. No doubt a large proportion of it was the receipts for premiums on insurance policies. At the time the garnishee summons was served the company owed some amounts to insurance companies other than these interveners, but such amounts have since been paid. The system of business stated had continued for a number of years prior to the garnishment.

Taking the contracts between the insurance companies and the Wight-Phinney Company in their entirety, it is not at all clear that the fund so produced and in the hands of the bank ever was or became a trust fund. Neither the plaintiff nor the bank, prior to the garnishment, had any notice or knowledge of the claim of the interveners as here presented. The contracts did not require the agent

to keep the funds of the companies separate from any other fund. It permitted the agents to retain premium receipts for varying lengths of time up to 60 days or more. It permitted the agents to draw from the fund their commissions. And the long continued conduct of business discloses a situation where the fund might very well be held not to be impressed with any special trust. The evidence would hardly permit findings as to the exact source of the fund so in the bank; and, in the situation shown, we think the findings of the court, that this was not a trust fund and that the interveners had no rights therein superior to the garnishment, are fairly sustained.

Order affirmed.